SARAH E. BARTLETT and others *vs.* WASHINGTON T. GOODWIN.

Franklin.   Opinion August 5, 1880.

*Non-joinder of parties.   Abatement.   Replevin.*

The non-joinder of tenants in common, either as defendants or plaintiffs, can only be taken advantage of by plea in abatement.

In replevin the question is which of the parties, the plaintiff or defendant, as between themselves, had the better right to the possession of the property at the date of the writ.

In case of the neglect of persons in possession of personal property to comply with the terms and conditions of the delivery to them of such property, as shown by the receipt held by those holding the same interest, such trustees are entitled to the immediate possession of such property and may maintain replevin therefor.

ON EXCEPTIONS AND MOTION.

At the trial the following receipt was put in evidence, and so much of the judge's charge as is given below was excepted to by the defendant.   The other material facts appear in the opinion.

(Receipt.)

"Farmington, December 5th, 1876.

This certifies that in case the Farmington Reform Club should cease to exist and have no use for the furniture now in the hall which they occupy, the same which was furnished by the Ladies' Aid Society of Farmington, the following named ladies which was appointed as special committee in trust by the Aid Society, shall have the right to take charge of the same, and appropriate to

some benevolent purpose: Mrs. S. E. Bartlett, Mrs. F. J. Austin, Mrs. H. L. Whitcomb, Mrs. T. F. Davis and Mrs. Wm. Tarbox.

"Furniture as follows : Carpet on the floor, 1 organ, 1 speaker's table, 1 reading table, 1 wash stand and fixtures, 1 mirror, 4 officers' chairs, 1 small oval table, 5 settees, four checkerboard stands, 44 wood chairs, 1 organ stool, 12 spittoons, curtains and whatever pictures and ornaments were furnished by them. Now therefore we as officers and members of said club, (and our successors), relinquish all right and claim to said goods and deliver them up peaceably when done using them as stated above.

J. F. WOODS,

W. T. GOODWIN,

LEE B. STOYELL,

O. W. ROGERS.

Attest : A. E. JONES, Sec'y."

(Extract from the charge.)

"The suit is not brought by one association against the other, but by certain individuals against the defendant. So that in the first instance in order to entitle the plaintiffs to maintain the action it is necessary for them to show not only that they act in their own behalf as individuals, but also that they act by authority of their associates in the society to which they belong; that is to say, that they are persons who have been delegated in some form or other by that society to take and hold for the purpose of the society the possession of this property, so that in them as individuals and as representatives of their associates the right of possession of the property belongs.

"Because in an action of replevin it is often more a question of the right of possession to the property than of the absolute title to the property.

"The question here is, which of these parties, the plaintiffs or the defendant, at the date of the writ, as between themselves, had the better right of possession to the property. So that in order for this action to be properly brought in the names of the plaintiffs, instead of in the names of all the individuals who constitute the Aid Society, it must appear that these five act not

only for themselves as members of the society, but by authority of the others who constitute the society, so that in the five the right of possession in behalf of the society belongs."

*H. L. Whitcomb*, for the plaintiffs, cited: *Pierce et al.* v. *Robie*, 39 Maine, 205; *Clap* v. *Day*, 2 Maine, 280; *Howe* v. *Shaw*, 56 Maine, 291.

*S. Clifford Belcher*, for the defendant.

The plaintiff in replevin must prevail if at all on the strength of his own title or claim, and not on the weakness of that of the defendant. *Cooper* v. *Bakeman*, 32 Maine, 192; *Lewis* v. *Smart*, 67 Maine, 206; *Johnson* v. *Neale*, 6 Allen, 229; *Stanley* v. *Neale*, 98 Mass. 343; *Quincy* v. *Hall*, 1 Pick. 360.

These plaintiffs on their own showing have no title. They say themselves that the Ladies' Aid Society own the property, and they are the agents of the society. But an agent cannot sue in his own name. A party cannot appoint an agent to sue. In fact neither the plaintiffs nor the society had the right to immediate possession and so cannot maintain replevin. *Ingraham* v. *Martin*, 15 Maine, 373 : *Pierce* v. *Stevens*, 30 Maine, 184. Counsel further argued the motion to set aside the verdict.

APPLETON, C. J. This is an action of replevin brought by the plaintiffs, members of the Ladies' Aid Society, against the defendant, treasurer of the Reform Club, a temperance organization in Farmington. The articles replevied are various articles of furniture purchased by the Ladies' Aid Association, and furnished to the Reform Club on the terms and conditions specified in a receipt signed by the defendant and others, under date of December 5, 1876.

The case comes before us upon exceptions and a motion for a new trial.

The suit is brought by a portion of the Ladies' Aid Society. No plea in abatement has been filed. The non joinder of other tenants in common should have been taken advantage of by plea in abatement. The defendant cannot take advantage of such non joinder under the general issue. *McArthur* v. *Lane*, 15 Maine, 246; *Lothrop* v. *Arnold*, 25 Maine, 136.

The plaintiffs claim to act as trustees of the association of which they are members. The instructions given as to their right to maintain this action were correct. The plaintiffs were persons delegated to take and hold the property replevied for the purposes of their society. The defendant with others contracted with them as such, and are bound by the terms of that contract. Nothing has been offered to show its invalidity. But whether valid or not, the defendant having filed no plea in abatement cannot take exception to the non joinders of other parties who may be joint owners with the plaintiffs.

The receipt signed by the defendant and others, dated December 5, 1876, shows the terms and conditions upon which the Reform Club received the articles replevied. The general title was to remain in the Ladies' Aid Association. In case of a neglect on the part of the Reform Club to comply with the conditions upon which the articles were delivered, the plaintiffs had at once a right to possession. The selling of part and the attempt to sell the remainder was an obvious conversion.

The plaintiffs proved the terms and conditions upon which the articles replevied were placed in the possession of the defendant and others. This contract was not denied. It was valid and binding for aught apparent. It was further shown to be in accordance with the facts by parol evidence. The record of the Ladies' Aid Association was received and objection is now urged to its reception. The ground of the objection, as stated at the trial, was "that any business they might do would not have any effect on (defendant's) our furniture." But it shows the terms and conditions upon which the plaintiffs authorized their committee, or trustees, to deliver the property into the keeping of the Reform Club, and that the receipt given was in accordance with the previous vote of the Ladies' Association. This was unnecessary, because, this was shown by the receipt, but it could not harm the defendant. No other objection was taken to this evidence, and the one taken cannot avail.

It was matter of discretion whether the deposition of Albert E. Jones should be received or not. To the exercise of that

discretion there can be no valid exception. The parts objectionable were excluded.

The motion for a new trial must be overruled. The verdict is in conformity with the weight of evidence.

*Motion and exceptions overruled.*

WALTON, BARROWS, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.